CRUSH & FLECKENSTEIN *v.* STEWART.

[Abstract Kentucky Law Reporter, Vol. 7—825.]

**Homestead Exemption.**

If one removes permanently from his homestead, or if he removes to another state with his family and engages in business there still claiming that he intends to return to this state, he waives his homestead right here and can not thereafter claim such exemption.

**Purchase Subject to Homestead.**

Where real estate is sold under an execution subject to the homestead right of a defendant, and the holder of the judgment purchases the property at such sale, they must be held to have purchased subject to a homestead right and to have acquired no interest, save whatever might remain after the allowance of the exemption.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

May 27, 1886.

OPINION BY JUDGE HOLT:

Diadem Davis conveyed to Kohn & Barker a lot in the city of Louisville on November 30, 1881, and they conveyed to the appellee, Elizabeth Stewart, on March 8, 1882. It had been sold on July 1, 1878, "subject to the homestead of the defendant therein, if such exists," under an execution in favor of the appellants, Crush & Fleckenstein, and against Diadem Davis. The return of the officer shows that the sale was thus made, the appellants being the purchasers at the price of $107.52, but no deed has ever been made to them.

The appellee alleges in her petition that she is the owner and

in possession of the lot; that both the deed to her and her grantors misdescribed it; that the appellants are asserting claim to the property under their execution purchase; that their debt was created after the passage of the homestead law; that at its creation and until the conveyance of Kohn & Barker in 1881 the property was the homestead of Diadem Davis and not worth over $1,000; and the appellants therefore acquired no right to it by their execution purchase in July, 1878; that their claim and the misdescription in the deeds are a cloud upon her right to it. She asks that the error be corrected and the appellants' claim rejected. It is plain that the lower court properly directed its commissioner to make a deed correcting the error in the two conveyances, the gantors therein being parties thereto, because the existence of the mistake appears.

The appellants in the second paragraph of their answer aver, in substance, that at the time of their purchase Diadem Davis had no homestead right in the property; that it was then and has been ever since worth over $1,200, all of which was well known to all of the parties to said deeds; that it was advertised and sold under their execution, "subject to the homestead therein, if such exists"; that "each of said parties to said deed (Davis to Kohn & Barker) then well knew that said Davis had permanently removed from Kentucky and was a nonresident of said state at the time the aforesaid execution, No. 18096, was issued, and so continued to be such non-resident and absent from said state until after said property was sold as aforesaid and bought by these defendants at said sale under execution."

These allegations were admitted to be true by the demurrer; but all of them must be considered in passing upon the sufficiency of this paragraph of the answer. If one removes permanently from his homestead, or if he removes to another state with his family and engages in business there, avowing, however, that he intends to return to this state, yet he can not claim the homestead exemption. *Carter, &c. Co. v. Goodman,* 11 Bush (Ky.) 228; *Williams v. Rose,* 13 Ky. Opin. 168.

Admitting that it was proper or sufficient pleading to allege that the parties to the deeds knew that Diadem Davis removed permanently from the state and was a nonresident when the execution of the appellants was issued and the sale 'made under it,

without directly averring that she had so removed, yet the answer shows that the property was sold under the execution of the appellants subject to the homestead right, if any existed. They procured the sale, and must be held to have purchased subject to a homestead right and to have acquired no interest in the property, save whatever might remain after the allowance of the exemption. Any other rule would allow the creditor an opportunity to procure a sale of his debtor's property under such circumstances as to detain others from bidding for it, thus enabling him to buy it for a sacrifice and to fraudulently enrich himself were he disposed to do so.

The judgment below cannot, however, be sustained, because the appellants are entitled to any interest in the property over and above a homestead. As they have, however, offered in their answer to accept in satisfaction of their claim what they gave for the property, with interest thereon from the time of the sale and their costs herein, they should yet be held to this offering; but if this be not done within a reasonable time then a judgment should be rendered for a sale of the property, the appellee first to have $1,000 of the proceeds and the appellants any excess, not exceeding, however, what they have offered to take as above stated; and if there still remain a balance it is to be paid to the appellee, provided, however, that no sale should be made unless more than $1,000 be offered for the property.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Elliott & Hemingray, for appellants.*
*Kohn & Barker, for appellee.*